ORIGINAL

FILED

08/31/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0526

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0526

_____

RANDALL CHILDRESS and CLAUDIA CHILDRESS,

Plaintiffs, Appellees, and Cross-Appellants,

v.

COSTCO WHOLESALE CORPORATION,

Defendant, Appellant, and Cross-Appellee.

_____

FILED

AUG 3 1 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Appellees Randall and Claudia Childress (Childresses) has filed a petition for rehearing following issuance of the Court's opinion in this matter on August 3, 2021. Appellant Costco Wholesale Corporation (Costco) opposes the petition.

The Montana Rules of Appellate Procedure set forth limited grounds for rehearing. *See* M. R. App. P. 20(1)(a). A rehearing may by granted only if the petitioner raises any overlooked fact material to the decision, an overlooked question presented that would have been decisive to the case, or any statute or controlling decision that conflicts with the Court's opinion. *See* M. R. App. P. 20(1)(a).

Childresses appear to present their petition under subsection (iii) of M. R. App. P. 20(1)(a), arguing the Court overstepped its authority to answer certified questions under M. R. App. P. 15(3), by resolving issues outside of the scope of the certified question. However, the issue Childresseses now object to the Court addressing—whether they established loss of "personal identity" property sufficient to support an award of parasitic emotional distress damages pursuant to *Maloney v. Home & Inv. Ctr., Inc.*, 2000 MT 34, 298 Mont. 213, 994 P.2d 1124—was not only raised by the Childresses in their briefing, but argued therein at length: "the loss in this case involves not run-of-the-mill personal property. Rather at issue here is the special case of what the Court has recognized as

'personal-identity property.' *Maloney v. Home & Inv. Ctr., Inc.*, 2000 MT 34, ¶ 67, 298 Mont. 213, 994 P.2d 1124." They further argued that the personal property lost in this case "is more than sufficient to satisfy the standard articulated in *Maloney* and its lineage." It is axiomatic that the purview of the Court to answer certified questions includes the ability to address issues raised in the briefing. *Cf.* M. R. App. P. 20(1)(a)(ii) (overlooking issue presented by counsel may be ground for rehearing).

The Childresses have not raised any overlooked fact material to the decision, any overlooked question presented that would have been decisive to the case, or any law that conflicts with the Court's opinion. *See* M. R. App. P. 20(1)(a). Therefore,

IT IS ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to mail copies hereof to counsel of record for the respective parties.

DATED this 31 day of August, 2021.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices

2